UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYCE ANTHONY JACKSON,

                Plaintiff,

v.

SARAH MCCURRY,

                Defendants.

Case No. C20-5351 RJB-TLF

REPORT AND RECOMMENDATION

**Noted for: September 18, 2020**

This matter is before the Court on plaintiff's filing of a proposed amended complaint civil rights complaint pursuant to the Court's order. Dkt. 7. Plaintiff has been granted *in forma pauperis* status in this matter and is proceeding *pro se*, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, plaintiff's amended complaint remains fatally deficient, and therefore the undersigned recommends that the Court dismiss this action without prejudice prior to service for failure to state a claim upon which relief may be granted.

DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C.

REPORT AND RECOMMENDATION - 1

§ 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

*Plaintiff's Proposed Amended Complaint*

Plaintiff alleges that Ms. McCurry, a "special needs" community corrections officer (CCO) assigned to his case, refused to refer plaintiff to medical providers and thus denied him necessary mental health treatment while in community custody. Dkt. 7, at 4. According to the amended complaint, this caused plaintiff's mental health to deteriorate, exacerbating his trauma and symptoms of psychosis. *Id.* at 5. Plaintiff asserts that CCO McCurry was tasked with enforcing the DOC's conditions, including

mental health treatment. *Id.* He argues that her explicit refusal to refer him to appropriate providers constituted deliberate negligence of his medical needs. *Id.* In relation to plaintiff's current status in DOC custody, he alleges that CCO McCurry "would not even serve [him] the hearings process" and refused to initiate the process to release him from his current detention. *Id.* at 6. Plaintiff seeks damages for the harm to his health resulting from his failure to undergo mental health treatment. Dkt. 1-1, at 5.

*Constitutional Claim*

Plaintiff alleges that CCO McCurry's refusal to secure him treatment violated the Eighth Amendment. Dkt. 7, at 5. The Eighth Amendment forbids prison officials from showing deliberate indifference to inmates' serious medical needs or serious risks of harm, which stems from the State's responsibility to attend to the medical and safety needs of prisoners in its custody. *See Whitley v. Albers*, 475 U.S. 312, 320 (1986) (referring to the deliberate indifference standard articulated in *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

The Court previously advised plaintiff that the Eighth Amendment standard of deliberate indifference toward medical needs would not apply to plaintiff's situation in community custody. *See* Dkt. 6, at 3. Plaintiff asserts that community custody is under the supervision of the DOC, and therefore is custody subject to the Eighth Amendment protection. Dkt. 7, at 5. While persons who are responsible for the custody of a prisoner are to assume some responsibility for the safety and well-being of any person in state custody – due to the person being in custody and held against their will -- this does not extend the standard of deliberate indifference to the actions of plaintiff's CCO, who is not empowered to order or force a medical provider to treat plaintiff. *See DeShaney v.*

*Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 199-201 (1989) (plaintiff was not in the custody of a state actor, and the state did not have an obligation to provide protection); *Christensen v. City of Tulsa,* 332 F.3d 1270, 1280-81 (10th Cir. 2003) (finding no special relationship existed between police and mentally ill suspect, even though suspect had been detained by the police, the police did not have a responsibility to provide psychiatric help). The facts in this case do not bring it within the holding of *Wakefield v. Thompson,* 177 F.3d 1160, 1164-65 (9th Cir. 1999). In *Wakefield,* the plaintiff had been prescribed psychotropic medication while in prison; upon plaintiff's release on parole, the defendant prison official did not provide plaintiff with that medicine and refused to assist plaintiff in finding out where the medicine was being kept for him at the prison. *Id.,* at 1165. The United States Court of Appeals for the Ninth Circuit found that plaintiff stated a claim for relief under 42 U.S.C. Section 1983 for deliberate indifference to serious medical needs, because plaintiff was in immediate need of the medication as he transitioned out of the prison. *Id.*

*Americans with Disabilities Act*

Plaintiff also alleges that CCO McCurry violated his rights under the ADA failing to refer him to mental health treatment.  The Court previously advised plaintiff that the ADA does not mandate medical treatment from correctional services, though claims of discriminatory preclusion from all medical services may constitute an ADA violation. *See* Dkt. 6, at 4 (citing 42 U.S.C. § 12132; *Simmons v. Navajo Cnty, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 160 (9th Cir. 2016); *Hughes v. Colorado Dep't of Corr.*, 594 F. Supp. 2d 1226, 1241 (D. Col. 2009). Plaintiff's proposed complaint has not alleged a complete

preclusion of medical care or other discriminatory treatment on the basis of his mental health condition and therefore fails to state a claim under the ADA.

## CONCLUSION

Because plaintiff already has been granted the opportunity to state a viable constitutional claim by filing an amended complaint – but the amended complaint remains fatally deficient without any indication the deficiencies discussed above can be cured – dismissal of this action is for failure to state a claim under 42 U.S.C. § 1983 is proper.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **September 18,** as noted in the caption.

Dated this 27th day of August, 2020.

Theresa L. Fricke
United States Magistrate Judge

- 5